■ ANDREA FLORENDO et al., Appellants, v ARCHDIOCESE OF NEW YORK, Sued Herein as ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK, Respondent. [642 NYS2d 31] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 7, 1994, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that she is a Philippine national who was residing temporarily in Saudi Arabia when in or around November 1987, while in the United States, under a B-2 non-immigration tourist visa, she was offered a teaching position by defendant Archdiocese for the academic year 1988-1989. In connection with that offer, the Archdiocese undertook to petition the Immigration and Naturalization Service (INS) to obtain an H-1 temporary work visa on plaintiff's behalf, which would permit her to work legally in this country for one year subject to a five-year extension or renewal. As a prerequisite to obtaining an H-1 visa, plaintiff was apparently required to go to the United States Embassy in Saudi Arabia, where the visa could be issued and placed in her passport, provided the Embassy had received the requisite approval notice from the INS in the United States. She could then enter the United States under immigrant status. In fact, in a memorandum to foreign teacher candidates, the Archdiocese specifically advised that in the event a candidate had to return to her country of origin before the application process was completed, she would have to have her H-1 visa stamped in her passport before going to the airport, and that in order to get the stamp she would have to bring the original H-1 visa or approval with her to the American Embassy along with other relevant documentation. It is undisputed that the Archdiocese did petition the INS for the H-1 visa, and that the petition was granted on May 5, 1988, but that the approval was delayed in transit due to the month-long religious observance of Ramadan, which interrupted

postal service in Saudi Arabia. As a result, when plaintiff went to the United States Embassy in Saudi Arabia and requested the H-1 visa, it was denied. Plaintiff claims that an Archdiocese employee then negligently advised her to come to the United States anyway on her B-2 visa, and that a change of status would be processed from here. She did, and this act ultimately caused her subsequent reapplication for H-1 immigration status to be denied. Plaintiff claims that denial of the visa has caused her damages, for which she seeks to recover on theories of breach of contract and negligent misrepresentation.

The IAS Court properly rejected both theories. The Archdiocese satisfied any contractual commitment it might have had to petition the INS for an H-1 visa on plaintiff's behalf, it being undisputed that the petition was granted in May 1988. Concerning alleged negligent misrepresentation that a change in visa status from B-2 to H-1 could be processed if plaintiff were to come to the United States, plaintiff's testimony at her deposition that such advice was not given to her directly, but rather to her sister by an unidentified Archdiocese employee, is insufficient to raise an issue of fact as to whether any such advice was in fact given (*Zuckerman v City of New York*, 49 NY2d 557, 562). Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.